IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

TALLY ANN ROWAN,

                                  OPINION AND ORDER

              Plaintiff,

                                  09-cv-224-slc

     v.

PIERCE COUNTY JAIL;
NANCY HOVE, Pierce County Sheriff;
LT. MIKE KNOLL; DEPUTY SANDY LARSON;
DEPUTY DIANE DUBOIS; DEPUTY PEGGY SCHUTZ;
MIKE WALZ; and CHIEF DEPUTY NEIL GULBRANSON,

             Defendants.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On April 15, 2009, plaintiff Tally Ann Rowan, who is incarcerated at the Pierce County jail, filed a proposed civil action under 42 U.S.C. § 1983 in which she alleged that defendants Pierce County jail, Nancy Hove, Lieutenant Mike Knoll, Deputy Sandy Larson, Deputy Diane Dubois, Deputy Peggy Schutz, Mike Walz and Chief Deputy Neil Gulbranson violated her rights under the Eighth Amendment after she was arrested on March 13, 2009. In an order issued on May 21, 2009, I denied plaintiff's request for leave to proceed in forma pauperis and dismissed her initial complaint for her failure to comply with Fed. R. Civ. P. 8. Dkt. #4. On June 10, 2009, plaintiff submitted a proposed amended

1

complaint, in which she restated her previous claims and added new claims against defendants Nurse Judy Ortwerth, Cassie Anderson, Sue Brown, Melanie Brooke, Natalie Stockwell, Deputy Dietzler and Doug Ducklow for violations of the First, Sixth, Eighth and Fourteenth Amendments and a variety of state laws. Dkt. #6. I found that her proposed amended complaint violated Fed. R. Civ. P. 20 because it contained as many as five separate lawsuits against different sets of defendants. Dkt. #8. I gave her until July 28, 2009 within which to identify which of the separately number lawsuits on which she wished to proceed.

On July 29, 2009, plaintiff responded that she wished to proceed on lawsuits ##1-4 and a revised version of lawsuit #5. Dkt. #10. Plaintiff attached five separate complaints and paid the initial partial filing fees necessary to bring four of the five lawsuits. In an order entered on August 27, 2009, I stayed the screening process and asked plaintiff to identify which four lawsuits she wanted the court to screen and which lawsuit she wished to voluntarily dismiss. Dkt. #11. Plaintiff has responded by submitting an additional initial partial payment for the fifth lawsuit and asking the court to screen all five lawsuits. Dkt. #12.

Plaintiff's proposed amended complaint, dkt. #10, filed on July 29, 2009, is the operative pleading in this case. As discussed in my previous order, I understand plaintiff to be alleging the following claims:

2

- Lawsuit #1:  In March and April 2009, defendants Pierce County jail, Natalie Stockwell, Sandy Larson and Melanie Brooke refused to let plaintiff shower for an extended period of time, forced her to remain dirty clothing after she had explosive diarrhea and refused to change her linens after she spilled food on them.

- Lawsuit #2:  During plaintiff's incarceration in the Pierce County jail in March and April 2008 and since March 2009, defendants Pierce County jail, Mike Knoll, Larson, Diane Dubois and Peggy Schultz prevented her from obtaining legal representation or representing herself by denying her a free phone call and access to her attorney's phone number, a computer, federal legal materials and a fax machine in violation of her due process rights under the Fourteenth Amendment.

- Lawsuit #3:  During plaintiff's incarceration in the Pierce County jail, defendants Judy Ortwerth, Pierce County jail and Nancy Hove denied plaintiff proper medical care and a special diet for her arthritis, fibromyalgia, anxiety, heart problems, apnea, diabetes, high cholesterol and eye, foot, bladder and stomach problems, causing permanent and continuing health problems in violation of her rights under the Eighth Amendment.

- Lawsuit #4:  Defendants Pierce County jail and Sue Brown opened plaintiff's legal mail in April 2009.

- Lawsuit #5:  Defendants Pierce County jail, Hove, Jerry Nelson, Larson, Brown and Brooke placed plaintiff in lockdown without a right to file a grievance and in retaliation for filing complaints about her unconstitutional treatment at the jail.

I will sever this action in accordance with Fed. R. Civ. P. 20.  In the instant action, case no. 09-cv-224-slc, I will screen Lawsuit #1.  Plaintiff's remaining lawsuits will become the subjects of separate actions, to be screened in separate orders.  I will consider Lawsuit #2 in

3

case no. 09-cv-612-slc, Lawsuit #3 in case no. 09-cv-613-slc, Lawsuit #4 in case no. 09-cv-614-slc and Lawsuit #5 in case no. 09-cv-615-slc.

Because plaintiff is an inmate, the 1996 Prison Litigation Reform Act requires the court to deny leave to proceed if her complaint is legally frivolous, malicious, fails to state a claim upon which relief may be granted or asks for money damages from a defendant who by law cannot be sued for money damages. 28 U.S.C. § 1915(e). However, plaintiff also is a pro se litigant, which means her complaint will be construed liberally as it is reviewed for these potential defects. Haines v. Kerner, 404 U.S. 519, 521 (1972). Having reviewed the allegations in Lawsuit #1, I conclude that plaintiff may proceed in forma pauperis in case no. 09-cv-224-slc on her Eighth Amendment claim against defendants Natalie Stockwell and Melanie Brooke. Defendant Pierce County jail is not a proper party under 42 U.S.C. § 1983 and will be dismissed. Because plaintiff fails to allege that defendant Sandy Larson was personally involved in the alleged incidents, the complaint will be dismissed against this defendant without prejudice. I will allow plaintiff an opportunity to amend her complaint to make specific allegations against defendant Larson.

In her proposed amended complaint, dkt. #10, plaintiff fairly alleges the following facts.

4

ALLEGATIONS OF FACT

Plaintiff Tally Ann Rowan is incarcerated at the Pierce County jail in Ellsworth, Wisconsin. Defendants Natalie Stockwell, Sandy Larson and Melanie Brooke are deputy sheriffs who work at the jail.

While incarcerated on March 14 and 15 (plaintiff fails to specify the year), plaintiff was denied permission to take a shower. At 12:30 a.m. on April 5, 2009, plaintiff was arrested and held in her street clothing without a shower. (It is unclear from the complaint whether plaintiff was released after her March incarceration and then rearrested or if she was incarcerated for the whole period). Plaintiff had explosive diarrhea at the time and soiled her clothes. On April 7, plaintiff was given a jail uniform to change into. She was not allowed a shower until April 8, 2009.

On April 10, 2009, plaintiff was placed in solitary confinement. Plaintiff was told on April 11 that she could not take a shower unless she ate. Plaintiff ate a sandwich that gave her diarrhea. Defendants Stockwell and Brooke refused to let her take a shower. After plaintiff was returned to her cell in lockdown status, she spilled applesauce on her bedding. Defendant Stockwell denied plaintiff's request for clean linens.

DISCUSSION

I understand plaintiff to be bringing a claim pursuant to 42 U.S.C. § 1983, in which she asserts unsanitary conditions of confinement under the Eighth Amendment. As an initial matter, I note that there are problems with her claims against two of the defendants.

A. Proper Defendants

Plaintiff names the Pierce County jail as a defendant in this case. However, liability under § 1983 attaches to persons who "under color of any statute ordinance, regulation, custom, or usage" of state power deprive a citizen of any right under the Constitution or federal law. Will v. Michigan Department of State Police, 491 U.S. 58, 66-67 (1989); Witte v. Wisconsin Department of Corrections, 434 F.3d 1031, 1036 (7th Cir. 2006). The Pierce County jail is a building, not a "person" that may be sued under § 1983. Powell v. Cook County Jail, 814 F. Supp. 757, 758 (N.D. Ill. 1993). Therefore, plaintiff will be denied leave to proceed against this defendant.

It also is well established that liability under § 1983 must be based on a defendant's personal involvement in the constitutional violation. Gentry v. Duckworth, 65 F.3d 555, 561 (7th Cir. 1995); Del Raine v. Williford, 32 F.3d 1024, 1047 (7th Cir. 1994); Morales v. Cadena, 825 F.2d 1095, 1101 (7th Cir. 1987). In other words, only persons who cause or participate in a constitutional violation may be held liable. Plaintiff does not allege who

committed many of the individual violations.  Although plaintiff makes specific allegations against defendants Natalie Stockwell and Melanie Brooke, she mentions defendant Sandy Larson only in the caption of the complaint.  Without more, it is impossible to determine what personal involvement, if any, defendant Larson had in any of the alleged violations.  Therefore, defendant Larson will be dismissed.  However, because it is plausible that plaintiff excluded Larson inadvertently from the allegations in her complaint, I will give her an opportunity to amend the complaint to add factual allegations showing defendant Larson's involvement in this case.

## B. Conditions of Confinement

Plaintiff alleges that on at least two different occasions, defendants Stockwell and Brooke refused to let her shower or change her clothing for a period of three days after she had explosive diarrhea.  Plaintiff also alleges that defendant Stockwell refused to allow her to change her bedding after she spilled food on it.  The Eighth Amendment's prohibition against cruel and unusual punishment imposes upon prison officials the duty to provide prisoners "humane conditions of confinement."  Farmer v. Brennan, 511 U.S. 825, 832 (1994).  In order to constitute cruel and unusual punishment under the Eighth Amendment, conditions of confinement must be extreme.  General "lack of due care" by prison officials will never rise to the level of an Eighth Amendment violation because "it is obduracy and

7

wantonness, not inadvertence or error in good faith, that characterize the conduct prohibited by the Cruel and Unusual Punishments Clause." Whitley v. Albers, 475 U.S. 312, 319 (1986).

To demonstrate that prison conditions violated the Eighth Amendment, a plaintiff must allege facts that satisfy a test involving both an objective and subjective component. Lunsford v. Bennett, 17 F.3d 1574, 1579 (7th Cir. 1994). The objective analysis focuses on whether prison conditions prison conditions were sufficiently serious so that "a prison official's act or omission results in the denial of the minimal civilized measure of life's necessities," Farmer, 511 U.S. at 834, or "exceeded contemporary bounds of decency of a mature, civilized society." Lunsford, 17 F.3d at 1579. The subjective component requires an allegation that prison officials acted wantonly and with deliberate indifference to a risk of serious harm to plaintiff. Id. "Deliberate indifference" means that the defendant knew that the plaintiff faced a substantial risk of serious harm and yet disregarded that risk by failing to take reasonable measures to address it. Farmer, 511 U.S. at 847. Thus, it is not enough for plaintiff to prove that a defendant acted negligently or should have known of the risk. Pierson v. Hartley, 391 F.3d 898 (7th Cir. 2004). She must show that the official received information from which an inference could be drawn that a substantial risk existed and that the official actually drew the inference. Id. at 902.

8

Although there is no definitive test to determine whether conditions of confinement are cruel and unusual under the Eighth Amendment, the following kinds of alleged conditions have been found to rise to the level of unsanitary conditions: sleeping on a moldy and wet mattress for 59 days, Townsend v. Fuchs, 522 F.3d 765, 773-74 (7th Cir. 2008); a lack of sanitary conditions, including clean bedding, Gillis v. Litscher, 468 F.3d 488, 493-94 (7th Cir. 2006); having to live in a cell in which there were mold and fiberglass in the ventilation ducts with resulting severe nosebleeds and respiratory problems, Board v. Farnham, 394 F. 3d 469, 486 (7th Cir. 2005); having to live for sixteen months in a cell infested with cockroaches that crawled over the prisoner's body, Antonelli v. Sheahan, 81 F.3d 1422, 1431 (7th Cir. 1996); having to live in "'filth, leaking and inadequate plumbing, roaches, rodents, the constant smell of human waste, poor lighting, inadequate heating, unfit water to drink, dirty and unclean bedding, without toilet paper, rusted out toilets, broken windows, [and] . . . drinking water contain[ing] small black worms which would eventually turn into small black flies,'" Jackson v. Duckworth, 955 F.2d 21, 22 (7th Cir. 1992); and confinement in isolation without adequate clothing or bedding, Maxwell v. Mason, 668 F.2d 361, 363 (8th Cir. 1981).

Plaintiff has alleged the minimum facts necessary to state a claim upon which relief may be granted against defendants Stockwell and Brooke. Although the duration of the the conditions plaintiff endured was limited in comparison to that in other cases in which courts

9

have found Eighth Amendment violations, it is plausible that being forced to remain in clothing covered with feces for even a short period of time is "sufficiently serious" to implicate constitutional protection. Further, plaintiff alleges that such violations occurred on more than one occasion. Because plaintiff alleges that she made repeated requests for a shower and change of clothing and bed linens, it is also possible to infer that defendants Stockwell and Brooke acted with deliberate indifference to plaintiff's health and safety. Therefore, I will allow plaintiff to proceed on an Eighth Amendment claim against defendants Stockwell and Brooke.

## ORDER

IT IS ORDERED that

1. This action is SEVERED in accordance with Fed. R. Civ. P. 20. In case no. 09-cv-224-slc, I will consider plaintiff Tally Ann Rowan's claims that defendants Pierce County jail, Natalie Stockwell, Sandy Larson and Melanie Brooke violated her rights under the Eighth Amendment. In case no. 09-cv-612-slc, I will consider plaintiff's claims that defendants Pierce County jail, Larson, Diane Dubois, Mike Knoll and Peggy Schultz denied her the right to an attorney and self-representation in violation of her due process rights under the Fourteenth Amendment. In case no. 09-cv-613-slc, I will consider plaintiff's claims that defendants Judy Ortwerth, Pierce County jail and Nancy Hove acted with deliberate

indifference to her medical needs in violation of the Eighth Amendment. In case no. 09-cv-614-slc, I will consider plaintiff's claim that defendants Pierce County jail and Sue Brown opened her legal mail. In case no. 09-cv-615-slc, I will consider plaintiff's claim that defendants Pierce County jail, Hove, Jerry Nelson, Larson, Brown and Brooke retaliated against her for complaining about unconstitutional treatment at the jail.

2. In this case, 09-cv-224-slc, plaintiff is GRANTED leave to proceed in forma pauperis against defendants Stockwell and Brooke on her unsanitary conditions of confinement claim under the Eighth Amendment.

3. Plaintiff is DENIED leave to proceed in forma pauperis on an Eighth Amendment claim against defendants Pierce County jail and Larson.

4. Defendant Pierce County jail is DISMISSED from this case as an improper party under 42 U.S.C. § 1983.

5. Plaintiff will have until October 28, 2009 within which to amend her complaint to state allegations showing defendant Larson's personal involvement in the alleged violations. If by that date, plaintiff fails to submit a proposed amended complaint, defendant Larson will be dismissed for plaintiff's failure to prosecute.

6. For the remainder of this lawsuit, plaintiff must send defendants Stockwell and Brooke a copy of every paper or document that she files with the court. Once plaintiff has learned what lawyer(s) will be representing defendants, she should serve the lawyer(s)

directly rather than defendants. The court will disregard any documents submitted by plaintiff unless plaintiff shows on the court's copy that she has sent a copy to defendants or to defendants' attorney(s).

7. Plaintiff should keep a copy of all documents for her own files. If plaintiff does not have access to a photocopy machine, she may send out identical handwritten or typed copies of her documents.

8. A copy of the complaint, this order, summons for defendants Stockwell and Brooke and United States Marshal service forms will be forwarded to the United States Marshal for service on defendants Stockwell and Brooke.

Entered this 9th day of October, 2009.

BY THE COURT:

/s/

BARBARA B. CRABB
District Judge

12